## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------

NATHAN KAPLAN, individually and on behalf
of all others similarly situated,                                    Civil Action No.:

                              Plaintiffs,

         -against-                                                   **CLASS ACTION COMPLAINT**

CAINE & WEINER COMPANY, INC.,                                         **DEMAND FOR JURY TRIAL**

                          Defendant.
-----------------------------------------------------------------

Plaintiff, NATHAN KAPLAN (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant CAINE & WEINER COMPANY, INC. (hereinafter "Defendant" or "C&W") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7.  Plaintiff is a natural person and a resident of Morganville, New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8.  Defendant is a collection agency with its principal office located at 21210 Erwin St,

Woodland Hills, CA 91367.

9.  Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following consumer classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

   a. Class A: The Class consists of (a) all individuals residing in the United States (b) to whom CSI sent an initial collection letter (c) attempting to collect a debt on behalf of Cryo Cell International, Inc. (d) without clearly identifying the name of the creditor to whom the debt is owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

   b. Class B: The Class consists of (a) all individuals residing in the United States (b) to whom CSI sent an initial collection letter (c) without clearly identifying the name of the creditor to whom the debt is owed (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibits A,*** violate 15 U.S.C. §§ 1692e and 1692g.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

17. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members

would be impractical.

(b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692g.

(c)  **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also

appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to October 17, 2016, an obligation was allegedly incurred to Cryo Cell International, Inc. ("Cryo").

23. The Cryo obligation arose out of a provision of private medical services, a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. The alleged Cryo obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Cryo is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Cryo or a subsequent owner of the Cryo debt contracted the Defendant to collect the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28. On or about October 17, 2016, Defendant sent the Plaintiff two nearly identical collection letters (the "Letters") regarding the alleged debt owed to Cryo. *See* **Exhibit A.**

29. The Letters were identical in every single aspect, except that each Letter had a different C&W account number listed on the Letter.  Additionally, one of the Letters was addressed to Merav Kaplan and Nathan Kaplan, while the other Letter was solely addressed to Nathan Kaplan.

30. Upon information and belief, the Letters were the first communication from C&W to the Plaintiff with regards to the alleged debt.

31. Plaintiff received the letter and read it.

32. The Letter states:

"RE: CRYO CELL INTERNATIONAL, INC."

33. Although the Letter states who the debt originated with, it does not clearly convey who IS the current creditor, to whom the debt is owed.

34. The Plaintiff, as would any least sophisticated consumer, was left unsure as to what creditor CSI was attempting to collect for.

35. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

36. The obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

37. In *Datiz v. Int'l Recovery Assocs., Inc.*, the Court held that an initial letter that merely states "Re: John T. Mather Hospital", is not without more sufficient to satisfy the requirements under 1692g. *See, Datiz v. Int'l Recovery Assocs., Inc.,* No. 15CV3549ADSAKT, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016), motion for relief from judgment denied, No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017).

38. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

39. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

40. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

41. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

42. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## <u>COUNT I</u>
### *(On Behalf Of Plaintiff And The Class)*

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692e *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendant violated said section by:

- Making a false and misleading representation in violation of §1692e(10).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>COUNT II</u>
*(On Behalf Of Plaintiff And The Class)*

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15  U.S.C. §1692g *et seq*.**

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. Pursuant to 15 USC §1692g, a debt collector:

   (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
   (1) The amount of the debt;
   (2) The name of the creditor to whom the debt is owed;
   (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
   (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and

address of the original creditor, if different from the current creditor.

51. The Defendant violated 1692g(a)(2) by failing to clearly and unambiguously name the creditor to whom the debt is currently owed.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### *(On Behalf Of Plaintiff, Nathan Kaplan, Individually)*

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692 *et seq.*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e and § 1692f.

55. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56. Similarly, pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt

57. As set forth above, the Defendant mailed the Plaintiff two Collection Letters on the exact same date: October 17, 2016.

58. The Collection Letters each sought payment of $215.24.

59. However, the Collection Letters each had a different account number – assigned by

Defendant – listed on the Letter, making it appear as if the Plaintiff owed two separate debts, each consisting of $215.24.

60. As a result of the Defendant's deceptive and unconscionable conduct, the Plaintiff was harmed. Specifically, Defendant created the very real risk that the Plaintiff would assume that he owed two distinct debts to the Defendant, and would ultimately pay hundreds of dollars more than he owed.

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Sections 1692e and 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: June 26, 2017                        /s/ Yitzchak Zelman
                                            Yitzchak Zelman, Esq.
                                            MARCUS & ZELMAN, LLC
                                            1500 Allaire Avenue, Suite 101
                                            Ocean, New Jersey 07712
                                            (732) 695-3282 telephone
                                            (732) 298-6256 facsimile
                                            yzelman@marcuszelman.com
                                            *Attorneys for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 26, 2017

                                            /s/ Yitzchak Zelman
                                            Yitzchak Zelman, Esq.